IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL PENSON | § | |
| | § | A-14-CV-581 LY |
| V. | § | (A-12-CR-315 LY) |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Christopher Michael Penson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on June 20, 2014 (Dkt. No. 33), and the Government's Response, filed on June 23, 2014 (Dkt. No. 35). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On October 11, 2012, Christopher Michael Penson ("Penson"), pled guilty, pursuant to a Plea Agreement, to possession with intent to distribute cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). On December 14, 2012, the District Court sentenced Movant to a 120-month term of imprisonment, followed by a four-year term of supervised release, and a $100 mandatory assessment fee. *See* Dkt. No. 31. Penson did not file a direct appeal of his conviction and sentence.

Penson has now filed his Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that he was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States

Constitution because his attorney failed to object to his designation as a Career Offender under U.S.S.G. § 4B1.1.

## II. ANALYSIS

The Court is unable to address the merits of Penson' § 2255 Motion because it is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court. Section 2255, amended by § 105(2) of the AEDPA, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1282 (2013). Penson had 14 days from the entry of the judgment in his case to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A). Thus, Penson's conviction became final on December 28, 2012, when the time for filing a direct appeal expired in his case. Under the

AEDPA, therefore, Penson was required to file his § 2255 motion on or before December 28, 2013. Penson, however, did not file the instant § 2255 motion until June 20, 2014, six months past the deadline. Accordingly, Penson's § 2255 Motion is time-barred under the AEDPA.

Although not entirely clear, it appears that Penson is attempting to invoke § 2255(f)(3) and argue that the one year limitations period in his case should not run from the date his conviction became final but instead, from the date of the Supreme Court's decisions in *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276, 2281 (2013) and *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151 (2013). This argument fails, however, because the Supreme Court has not declared that either *Alleyne* or *Descamps* are to be retroactively applied to cases on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (holding that *Alleyne* does not apply retroactively to challenges to sentences on collateral review); *United States v. Chapman*, — F.Supp.2d —, 2014 WL 1931814, at *4 (S.D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review"). The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Accordingly, *Alleyne* and *Descamps* do not toll the statute of limitations in this case and Penson's § 2255 Motion must be dismissed as time-barred.

### III. RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court **DISMISS** Christopher Michael Penson's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. No. 33) as time-barred under the AEDPA.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 29th day of September, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE